IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CR-53-7BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LAMAR HOSEA WIGGINS ) | |

This cause is before the Court on defendant's motion to reconsider the Court's denial of defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the motion is denied.

## BACKGROUND

Defendant is currently serving a sentence of ninety-six months for conspiracy to distribute and possess with intent to distribute a quantity of heroin and a quantity of marijuana and possession of a firearm by a felon. [DE 344]. Defendant is forty-two years old, is obese, and suffers from hypertension. He further experiences regular, intense chest pains and has only one kidney. His current projected release date is August 19, 2024. On August 26, 2020, defendant moved for compassionate release due to his health conditions and his increased risk of serious COVID-19 illness. The Court denied defendant's motion on October 12, 2020. On January 12, 2021, defendant filed a motion to reconsider that denial.

## DISCUSSION

While there is no provision in the Federal Rules of Criminal Procedure governing motions for reconsideration, the courts are guided by the standard set in the Federal Rules of Civil Procedure in determining such motions in criminal cases. *See, e.g. Nilson Van & Storage Co. v. Marsh*, 755 F.2d 362 (4th Cir. 1985). "A motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink' what the Court ha[s] already

thought through–rightly or wrongly. *United States v. Overcash*, 3:15-cr-263-FDW-1, 2019 U.S. Dist. LEXIS 87566, at *2 (W.D.N.C. May 24, 2019) (quoting *United States v. Dickerson*, 971 F. Supp. 1023, 104 (E.D. Va. 1997)). Rather, a motion for reconsideration can be successful in only three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210 (4th Cir. 2017) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)).

The Court has already fully considered defendant's arguments and rejected them. The only new arguments are that he has been transferred to FCI Danbury and that he has recently contracted COVID-19, which has caused breathing problems. Defendant is using an inhaler as a result of the breathing problems, and he is waiting for a sleep study to be performed on him to determine if he has sleep apnea. However, the reasons for denying defendant's motion remain valid. Defendant has failed to establish any basis for reconsideration and the instant motion will therefore be denied.

## CONCLUSION

For the reasons discussed above, petitioner's motion for reconsideration [DE 566] is DENIED.

SO ORDERED, this __21__ day of January, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE